UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:19-cr-00038-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| EDWARD MONET KNIGHT, | |
| Defendant. | |

## I.  SUMMARY

Defendant Edward Monet Knight is charged with four counts: Counts One and Three involve interference with commerce by robbery in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery"); and Counts Two and Four involve use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (ECF No. 14.) Before the Court is Knight's motion to dismiss Counts Two and Four, contending that because Hobbs Act robbery as charged in Counts One and Three is not a crime of violence, Counts Two and Four fail to state a claim. (ECF No. 34 ("Motion").) The Government's response cites to a Ninth Circuit Court of Appeals' decision[1] issued after the Motion was filed where the court found that Hobbs Act robbery is a crime of violence. (ECF No. 43 at 2.) The Court agrees with the Government and will deny the Motion.

## II.  BACKGROUND

The Indictment charges Knight in Count One with robbery of PJ's Discount Liquor in Sparks, Nevada on or about July 7, 2019. (ECF No. 14 at 1.) Count Three involved robbery of Rainbow Market also in Sparks, Nevada on or about July 8, 2019. (*Id.* at 2.)

---

[1] *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020).

Counts Two and Four in turn charge Knight with use of a firearm during and in relation to the crime of violence charged in Counts One and Three, respectively. (*Id.* at 2-3.)

**III.  DISCUSSION**

Defendant argues that the predicate offense for Counts Two and Four—a crime of violence—cannot be satisfied because Hobbs Act robbery under § 924(c)(3)(A) does not qualify as a crime of violence. (ECF No 34 at 3-7.) Defendant acknowledges that *Dominguez* involves this very issue, but a ruling had not been issued at the time of the Motion.[2] On April 7, 2020, the Ninth Circuit issued its decision in *Dominguez,* resolving the issue against the position Defendant advances here. In *Dominguez,* the court found that Hobbs Act robbery qualifies as a crime of violence for purposes of § 924(c)(3)(A)'s elements clause. *Dominguez,* 954 F.3d at 1260. Because this resolves the legal challenge to the predicate offense for Counts Two and Four upon which the Motion is based, the Court denies the Motion.

**IV.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion to dismiss Counts Two and Four (ECF No. 34) is denied.

DATED THIS 5th day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Defendant relies on a district court in this circuit who held that Hobbs Act robbery is not a crime of violence. (ECF No. 34 at 5 citing *United States v. Chea,* Case No. 4:98-cr-0-40003-CW, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019).) This Court reached the opposite conclusion in *United States v. Barrows,* 2:13-cr-185-MMD-VCF (D. Nev. July 25, 2016), in adopting the magistrate judge's recommendation to find that Hobbs Act robbery under § 924(c)(3)(A) qualifies as a crime of violence.