UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD MONET KNIGHT,<br><br>Defendant. | Case No. 3:19-cr-00038-MMD-CLB<br><br>ORDER |

**I.   SUMMARY**

Defendant Edward Monet Knight is charged with four counts involving two robberies on consecutive dates in Sparks, Nevada. (ECF No. 14.) Before the Court is Knight's motion to sever to separate the two counts for each robbery. (ECF No. 32 ("Motion").) The government opposes the Motion, contending that the counts relating to the two robberies are properly joined. (ECF No. 41.) The Court agrees with the government and will deny the Motion.

**II.  BACKGROUND**

The Indictment charges Knight in Count One with robbery of PJ's Discount Liquor ("the Store") in Sparks, Nevada on or about July 7, 2019 in violation of 18 U.S.C. § 1951. (ECF No. 14 at 1.) Count Three involved robbery of Rainbow Market ("the Market") also in Sparks, Nevada on or about July 8, 2019 in violation of 18 U.S.C. § 1951. (*Id.* at 2.) Counts Two and Four in turn charge Knight with use of a firearm during and in relation to the crime of violence charged in Counts One and Three, respectively, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*Id.* at 2–3.) As relevant to the Motion, the Indictment recites the same allegations for Counts One and Three with the only differences being the date of the

///

alleged robbery—occurring one day apart—and the name of the businesses and their respective address in Sparks, Nevada. (*Id.* at 1–2.)

## III. DISCUSSION

Defendant challenges the propriety of joinder of the four counts under Federal Rule of Criminal Procedure 8(a), arguing that the government has not alleged or produced any information to suggest the two robberies were based on the same act or transaction, or part of a common scheme.[1] (ECF No. 32 at 3.)

Rule 8(a) permits joinder of multiple offenses against a single defendant if the offenses "are of the same or similar character; or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8 accommodates the established interests of joint trials —"conserve[ing] state funds, diminish[ing] inconvenience to witnesses and public authorities, and avoid[ing] delays in bringing those accused of crime to trial[]" — "while protecting against prejudicial joinder." *United States v. Lane,* 474 U.S. 438, 449 (1986) (quoting *Bruton v. United States,* 391 U.S. 123, 134 (1968)). "Because Rule 14 is available 'as a remedy for prejudice that may develop during the trial,' Rule 8 has been 'broadly construed in favor of initial joinder.'" *United States v. Jawara,* 474 F.3d 565, 573 (9th Cir. 2007) (quoting *United States v. Friedman,* 445 F.2d 1076, 1082 (9th Cir.1971)).

Defendant primarily challenges the government's basis for joinder based on the offenses being "the same or similar character." (ECF No. 32 at 3–6.) The Ninth Circuit has adopted a "holistic approach" to examining joinder under this prong. *Id.* at 576. This approach involves considering a list of factors to determine whether the indictment satisfies this prong, "such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims" *Id.* at 578.

///

---

[1] Because the Court agrees that the counts are properly joined based on "the same or similar character" prong under Rule 8(a), the Court declines to address the government's argument that joinder is also proper under the latter prong.

1 | Moreover, "the similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment." *Id.*

Defendant contends the joined offenses involve two distinct set of facts and different witnesses with little overlapping evidence, arguing the similarity ends with similarity in the statutory elements and identity of the alleged perpetrator. (ECF No. 32 at 5–6.) But additional similar character of the joined offenses may be reasonably inferred from the face of the Indictment. First, as the government points out, the majority of the *Jawara* factors are met here: the two robberies occurred one day apart (temporal proximity); the two businesses are in the same city and about three miles apart (physical location of the acts); and the armed robberies were of two similar type of businesses—a store and a market—and cash was taken from an employee of each business (modus operandi of the crimes). (ECF No. 14 at 1–3.) These similar characters are readily apparent or could be reasonably inferred from the Indictment.

Defendant insists that even if the counts are properly joined, they should be severed under Rule 14 to avoid prejudice. (ECF No. 32 at 6.) Rule 14 permits the Court to order separate trials or "provide any other relief that justice requires" if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The rule "does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993). Moreover, "Rule 14 sets a high standard for a showing of prejudice." *United States v. Vasquez-Velasco,* 15 F.3d 833, 846 (9th Cir. 1994).

Defendant has not satisfied Rule 14's high bar for showing prejudice. Defendant's arguments in gist involve spillover prejudice—the jury may fail to distinguish the evidence relating to the two robberies and would convict him for the Market robbery (Count Three) because they found guilt on the Store robbery (Count One) or because they would cumulatively consider evidence for both robberies to convict on each robbery count; and evidence that would not otherwise be admissible for one robbery count would now be admissible because that evidence may relate to the other robbery count. (ECF No. 32 at

3

7–9.) But Defendant's arguments fail to recognize that jurors are asked to compartmentalize the evidence in every case where a defendant is charged with more than one offense. Limiting jury instructions may cure any "spillover" evidence and render such evidence non-prejudicial even where the case may be complex, which does not appear to be the case. *See United States v. Johnson*, 297 F.3d at 856–60 (affirming trial court's decisions to deny severance requests and finding that any "spillover" evidence was sufficiently addressed through limiting jury instructions during the lengthy and complex trials).

Here, the jury will be given proper instructions as to the elements of each count to help them consider each charge separately, and compartmentalize the evidence relating to each charge. Defendant offers no evidence to suggest that the jury cannot be reasonably expected to follow these instructions. In fact, "juries are presumed to follow their instructions." *Zafiro*, 506 U.S. at 540 (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

In sum, the Court agrees with the government that the counts are properly joined under Rule 8(a)'s similar character prong. Defendant has not demonstrated prejudice to warrant severance under Rule 14. The Court will therefore deny the Motion.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion to sever (ECF No. 32) is denied.

DATED THIS 18th day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

4