UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>     v.<br>EDWARD MONET KNIGHT,<br><br>                        Defendant. | Case No. 3:19-cr-00038-MMD-CLB<br><br>ORDER |

## I. INTRODUCTION

Defendant Edward Monet Knight was indicted on two counts of Interference with Commerce by Robbery pursuant to 18 U.S.C. § 1951, and two counts of Use of a Firearm During and in Relation to a Crime of Violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). (ECF No. 14.) Before the Court is Knight's motion to compel grand jury transcript pertaining to identity. (ECF No. 92 (the "Motion").) Because Knight demonstrates "particularized need," and as further explained below, the Court will grant his Motion.

## II. DISCUSSION

While Federal Rule of Criminal Procedure 6(e) protects the secrecy of grand jury proceedings, it also provides exceptions. Knight asks the Court to apply the exception under Rule 6(e)(3)(E)(i) and (ii), which gives the Court authority to authorize disclosures "preliminarily to or in connection with a judicial proceeding," or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the ground jury." (ECF No. 92 at 4.) Disclosure of grand jury proceedings is "appropriate only in those cases where the need for [the materials] outweighs the public interest in secrecy." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979). Furthermore, "the burden of demonstrating this balance rests upon the private party seeking disclosure." *Id.* "Moreover, the Court

required that the showing of need for the transcripts be made 'with particularity' so that 'the secrecy of the proceedings may be lifted discretely and limitedly." *Id.* at 221 (quoting *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683 (1958)).

Knight argues that the need for secrecy is minimal because the grand jury has concluded its activities and thus, interest in continued secrecy is reduced. (ECF No. 92 at 6.) The government does not contest secrecy.

With minimal need for secrecy, Knight argues that he has demonstrated a "particularized need" for the requested grand jury transcript. Under 6(e)(3)(E) (ii) the Court may authorize disclosure "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Here, Knight argues that because probable cause depends exclusively upon Detective Edward Wilson's speculative identification testimony, each count is vulnerable to dismissal and the grand jury testimony pertaining to identity must be produced. (*Id.* at 4.) Specifically, because Detective Wilson lacks personal knowledge, as the Court previously found (ECF No. 57 at 3-4), any identification testimony is speculative and therefore not competent evidence. (ECF No. 92 at 4.) In short, Knight argues that without any competent witness identification, the grand jury was not provided with the evidence needed to support probable cause. (*Id.*) Therefore, grounds for dismissal may exist. (*Id.* at 6 (citing *United States v. Costello,* 221 F.2d 668, 677 (2d Cir. 1955) *aff'd,* 350 U.S. 359 (1956)).)

The government argues in response that there is compelling circumstantial evidence of defendant's identification[1] and Knight has not demonstrated a "particularized need" because Detective Wilson never offered his lay opinion as to the identification of Knight.[2] (ECF No. 98 at 2-3.)

---

[1]Again, the government asserts that circumstantial evidence of identity was presented to the grand jury to support its finding of probable cause. (ECF No. 98 at 3.) The Court did not review such evidence nor did the government offer to submit such evidence in connection with its response to the Motion.

[2]The government's response brief states: "The defendant seeks production of the grand jury transcript based upon the incorrect assumption that the sole evidence of the

Having reviewed the grand jury testimony of Detective Wilson, the Court disagrees with the government's assertions. Detective Wilson did offer his lay opinion as to the identification of Knight.[3] Thus, the Court finds that Knight has demonstrated a "particularized need" that outweighs any continued need for secrecy, and will therefore grant the Motion.

## III. CONCLUSION

It is therefore ordered that Knight's motion to compel production of grand jury transcript (ECF No. 92) is granted. In particular, the Court grants Knight's request for "those portions of the grand jury transcript that pertains to identity." (*Id.* at 7.) The government must disclose the relevant portions of the grand jury transcript to Knight within seven days and file the same with the Court, along with a certificate of compliance with this order.

DATED THIS 13th Day of January 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

defendant's identification as the robber introduced during the grand jury presentation was Detective Wilson's identification of the defendant as the robber in the surveillance videos of the robberies. No such evidence was presented in the grand jury." (ECF No. 98 at 2-3.)

[3] In fact, Detective Wilson was asked to describe Knight (which he did) and whether Knight matched the description of the robber involved in the robbery at the two locations identified in the indictment (which he affirmed). Transcript of the Grand Jury Testimony of Detective Edward Wilson in the District of Nevada on Aug. 1, 2019, at 15:3-9 (hand-delivered to the Court for *in camera* review).