UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:19-cr-00038-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| EDWARD MONET KNIGHT, | |
| Defendant. | |

**I.   SUMMARY**

Defendant Edward Monet Knight is charged with four counts: Counts One and Three involve interference with commerce by robbery in violation of 18 U.S.C. § 1951; and Counts Two and Four involve use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (ECF No. 14.) Before the Court is Knight's motion to dismiss indictment under Fed. R. Crim. P. 12(b)(3)(A).[1] (ECF No. 107 ("Motion").) Because the Court agrees with the government that sufficient evidence supports the grand jury's probable cause determination that Knight committed the offenses charged in the Indictment, the Court will deny the Motion.

**II.  BACKGROUND**

The Indictment charges Knight in Count One with robbery of PJ's Discount Liquor ("PJ's") in Sparks, Nevada on or about July 7, 2019. (ECF No. 14 at 1.) Count Three involved robbery of Rainbow Market ("the Market") also in Sparks, Nevada on or about July 8, 2019. (*Id.* at 2.) Counts Two and Four in turn charge Knight with use of a firearm

---

[1]The Court has reviewed the government's response (ECF No. 111) and Defendant's reply (ECF No. 117 (corrected image of reply)).

during and in relation to the crime of violence charged in Counts One and Three, respectively. (*Id.* at 2-3.)

As pertinent to the Motion, Knight does not challenge the grand jury's finding of probable cause that the robberies occurred as charged in Count One and Count Two or that the offenses were committed by the same individual.  The Motion instead challenges the evidence supporting the grand jury's probable cause finding that Knight was the alleged perpetrator who committed the robberies. In an order addressing Defendant's motion in limine, the Court defined the contours of the testimony of one of the government's witnesses, Detective Edward Wilson, who investigated both robberies and saw Defendant at the police station while Defendant's DNA was being taken. (ECF No. 57.)  In particular, the Court disallowed Detective Wilson from testifying that Knight was the individual who committed the robberies but permitted him to testify about his investigation into the robberies, the evidence he has reviewed and gathered, and why such evidence led him to pursue Knight but not other suspects. (*Id.* at 3-4.)  Based on the Court's exclusion of Detective Wilson's lay opinion identification testimony, Knight now moves for dismissal.  (ECF No. 107.)

**III.    DISCUSSION**

Defendant asserts two grounds for dismissal all premised on exclusion of Detective Wilson's testimony before the grand jury identifying Knight as the alleged perpetrator in both robberies: the grand jury abdicated its role by relying on Detective Wilson's lay opinion testimony which the Court has since excluded; and the government's reliance on Detective Wilson's testimony violated Knight's Fifth Amendment right to due process and resulted in actual prejudice.  (ECF No. 107 at 4-9.)   The government counters that sufficient circumstantial evidence was presented to the grand jury to establish probable cause that Knight committed the offenses charged in the Indictment even disregarding Detective Wilson's opinion testimony that Knight was the alleged perpetrator. (ECF No. 111 at 3-7.)  The Court agrees with the government.

///

As the Supreme Court recently reiterated, the Court "has often recognized the grand jury's singular role in finding the probable cause necessary to initiate a prosecution for a serious crime." *Kaley v. United States*, 134 S. Ct. 1090, 1097 (2014). "The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime." *Id.* at 1098. Here, the grand jury did just that, and the evidence before the grand jury supports the grand jury's probable cause finding that Knight committed the offenses charged in the Indictment.

As the government pointed out in its response, the grand jury was presented with sufficient evidence to support their probable cause finding. (ECF No. 111 at 5.) The grand jury heard testimony that a black Lincoln MKS vehicle was parked in the area where the robber was seen running after robbing the Market with the driver matching the description of the robber (ECF No. 112 at 10), that officers who responded to the incident at the Market observed in plain sight a significant amount of cash in the center console of the black Lincoln MKS vehicle (*Id.* at 12), that the firearm found in the vehicle matched the descriptions of the firearm used in both robberies (*Id.* at 6-8, 12), that Knight's girlfriend reported he stole her vehicle and the timeframe when she realized both Knight and the vehicle were missing matches the timeframe of the Market robbery (*Id.* at 13-14), and that in a subsequent search of the vehicle officers found cash consistent with what was taken from the Rainbow Market along with Knight's ID (*Id.* at 14-15). Such evidence supports the grand jury's determination of probable cause to believe Knight committed the offenses charged in the Indictment.[2]

Knight argues that each item of evidence the government offered in its response falls short of linking him to the robberies. (ECF No. 117 at 2-4.) However, the grand jury

---

[2] Again, Knight does not really dispute that the two robberies were committed by the same individual. Regardless, the grand jury was presented with sufficient evidence for them to find that the same person committed both robberies. The gun used in both robberies shared the same description. (ECF No. 112 at 6-8, 12). Detective Wilson testified that the PJ's surveillance video showed a black vehicle matching the description of the Lincoln MKS with a male occupant exiting the vehicle shortly before the time of the robbery and then running back to the vehicle after the robbery at PJ's. (*Id.* at 16.)

3

would presumably consider the items in the vehicle collectively to find probable cause that Knight was the individual who committed the robberies. Moreover, Knight minimizes the evidence of his ID found in the vehicle connected with the robbery of the Market, testimony showing that the driver of the black Lincoln MKS parked in the area of the Market matched the description of the robber, and of the cash found in the vehicle. His argument goes to the weight of the evidence. But "[t]he grand jury gets to say . . . whether probable cause exists to think that a person committed a crime." *Kaley,* 134 S. Ct. at 1098.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 107) is denied.

DATED THIS 19th Day of February 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE