UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>EDWARD MONET KNIGHT,<br><br>Defendant. | Case No. 3:19-cr-00038-MMD-CLB<br><br>ORDER |

On August 1, 2019, a grand jury indicted Defendant Edward Monet Knight on two counts of Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951, and two counts of Use of a Firearm During and in Relation to a Crime of Violence, for two armed robberies of local businesses. (ECF No. 14.) On October 10, 2020, the Court partially granted Knight's motion for access to jury selection records and materials. (ECF No. 68.) On March 2, 2021, Knight filed a motion seeking clarification of the Court's order (ECF No. 68) with respect to the AO-12 form for the petit jury in his case and requested the Court permit the Clerk of Court to disclose the AO-12 form. (ECF No. 127.)[1] The Court granted Knight's motion and directed the Court Clerk of Court to provide the parties a copy of the requested AO-12 form. (ECF No. 128.) Trial commenced on March 8, 2021. (ECF No. 141.) The Court then denied Knight's motion to dismiss indictment due to

---

[1]In its prior order the Court directed the Clerk of Court to "provide general responsive information regarding the petit jury process . . . available to it now." (ECF No. 68.) The Court found Knight's "specific requests regarding the summoning of a petit jury for this case premature because a petit jury has not been summoned . . . [thus the] Clerk of Court [was] therefore instructed to provide any responsive material currently available to it." (*Id.*) The Court therefore denied the request "without prejudice" and advised that Knight "may seek anything unavailable at this time again, in the future, provided it becomes available to the Clerk of Court." (*Id.* at 7.)

unconstitutionally invalid grand jury. (ECF Nos. 126; 155 ("March 11 Order").) Before the Court now is Knight's motion to dismiss indictment due to unconstitutionally invalid petit jury or, in the alternative, motion to stay proceedings. (ECF No. 140 (the "Motion").)[2] On March 15, 2021, the jury returned a verdict of guilty on all counts. (ECF No. 163.) The Court now denies the Motion, incorporating by reference the findings in its March 11 Order denying the motion to dismiss due to unconstitutionally invalid grand jury (ECF No. 126), and as further explained below.

In this Motion, Knight raises essentially the same arguments as those raised in his motion to dismiss indictment due to unconstitutionally invalid grand jury (ECF No. 114). (ECF No. 140.) The Court incorporates by reference its prior recitation of the parties' arguments from its March 11 Order. (ECF No. 126.) In short, Knight argues that the current Jury Selection Plan systematically underrepresents Black, male, Hispanic or Latino, and Native American or Native Alaskan eligible jurors in violation of the Fifth Amendment's equal protection clause, Sixth Amendment's fair cross-section requirement, and the Jury Selection and Service Act ("JSSA"), necessitating dismissal of his indictment, or in the alternative, a stay of the proceedings until the Jury Selection Plan and its data is compliant. (*Id.*) The Court briefly addresses one new argument raised by Knight, but finds it unpersuasive, and denies the Motion in its entirety for the same reasons provided in the March 11 Order. (ECF No. 126.)[3]

Knight raises one additional argument in his Motion and argues that use of the AO-12 form, which he argues does not provide enough demographic information, prevents him from mounting a full challenge because "this data is the only way a defendant can mount any sort of composition challenge," and therefore violates his due process rights.

---

[2]The Court established a shortened briefing schedule, anticipating conclusion of trial by March 18, 2021. (ECF No. 141 (setting March 12, 2021 for the response to be filed and March 17, 2021 for the reply).) The government filed a timely response. (ECF No. 159.) Knight filed a timely reply. (ECF No. 170.)

[3]In its March 11 Order, the Court found Knight's JSSA claim untimely, but ultimately denied the claim on its merits. (*Id.*) Here, the Court finds Knight's JSSA claim timely, but it still fails on its merits for the same reasons addressed in the March 11 Order. (*Id.*)

2

(ECF No. 140 at 14-15.)[4] Knight further argues that a lack of demographic data violates the JSSA because defendants are given "essentially an unqualified right to inspect jury lists" and without enough demographic information, there is nothing to inspect or allow him to determine if the jury makes up a fair cross-section of the community. (*Id.* at 15 (citing *Test v. U.S.*, 420 U.S. 28, 30 (1975)).)

The Court finds that Knight failed to sufficiently demonstrate how use of the AO-12 form violates his due process rights or the JSSA. While Knight points to other areas of the law where there is a duty to provide enough information sufficient for a defendant to mount a defense, he additionally and correctly notes that there is "no caselaw examining the Court's duties in relation to gathering demographic data." (ECF No. 140 at 14.) Further, the court in *United States v. Smith* found:

> Even assuming that there is inadequate information on the AO-12 forms about the demographics of the registered voters in each division, this would not establish a constitutional or statutory violation, particularly as it is undisputed that the district has submitted the AO-12 report on the form and in the manner required by the Judicial Conference.

457 F. Supp. 3d 734, 737 (D. Alaska 2020). The Court similarly finds that even if there were inadequate information on the AO-12 form, it does not establish a constitutional or statutory violation. The Motion is therefore denied.

///
///
///
///
///

---

[4]Specifically, he argues that relying on the demographic information provided in the AO-12 form is problematic because it fails to provide data on certain distinct groups, for example Middle Eastern citizens which are not included in a separate category, thus making it unclear if Middle Eastern jurors are White, Asian, Other, or Unknown. (*Id.* at 15.)

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Knight's motion to dismiss indictment due to unconstitutionally invalid petit jury or, in the alternative, motion to stay proceedings (ECF No. 140) is denied.

DATED THIS 16th Day of March 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE